**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| ROBERT RITCHIE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. |
| | ) |
| SECOND ROUND, LP, | ) |
| | ) |
|    Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBERT RITCHIE (Plaintiff), through his attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, SECOND ROUND, LP (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Jackson, Breathitt County, Kentucky.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Austin, Texas.

11. Defendant is a business entity engaged in the collection of debt within the State of Kentucky.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect a consumer debt from Plaintiff originating with a car loan on which Plaintiff is a co-signer.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. Defendant calls Plaintiff on Plaintiff's home telephone number ending in 4937.

19. On more than one occasion within the last three (3) months, Plaintiff answered one of

Defendant's collection calls and spoke with one of Defendant's collectors.

20. During one aforementioned conversation Plaintiff had with one of Defendant's collectors, Defendant's collector threatened to take Plaintiff's home if Plaintiff did not make an electronic payment form his personal bank account.

21. On a separate occasion during a conversation Plaintiff had with one of Defendant's collectors, Defendant's collector threatened to take money from Plaintiff's personal bank account if he did not make a payment on the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant threatened to take Plaintiff's house and take money from his bank account if Plaintiff did not pay the alleged debt;

    b. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representation or means in connection with the collection of any debt, when Defendant threatened to take Plaintiff's house and take money from his bank account if Plaintiff did not pay the alleged debt;

    c. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the sale of any property unless such action is lawful and the debt collector or creditor intends to take such action, when Defendant threatened to take Plaintiff's house if Plaintiff did not pay the alleged debt;

    d. Defendant violated §1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant threatened to take Plaintiff's house and take money from his bank account if Plaintiff did not pay the alleged debt; and

    e. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt, when Defendant threatened to take Plaintiff's house and take money from his bank account if Plaintiff did not pay the alleged debt.

WHEREFORE, Plaintiff, ROBERT RITCHIE, respectfully requests judgment be entered against Defendant, SECOND ROUND, LP, for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 14, 2017                By: /s/ Shireen Hormozdi_____
                                  Shireen Hormozdi
                                  Hormozdi Law Firm, LLC
                                  1770 Indian Trail Lilburn Road, Suite 175
                                  Norcross, GA 30093
                                  Tel: 678-395-7795
                                  Fax: 866-929-2434
                                  shireen@agrusslawfirm.com
                                  shireen@norcrosslawfirm.com
                                  Attorney for Plaintiff